UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **AMENDED** |
| | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| | ) | Case Number:   1:20-CR-228-01-MHC-JKL |
| MAURICE FAYNE | ) | USM Number:   73197019 |
| | ) | |
| | ) | Saraliene Durrett |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

The defendant pleaded guilty to Counts One through Six of the Second Superseding Criminal Indictment.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1343 and 1349 | Conspiracy to Commit Wire Fraud | May 13, 2020 | One |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | May 13, 2020 | Two |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | May 13, 2020 | Three |
| 18 U.S.C.§§ 1343 and 2 | Wire Fraud | May 13, 2020 | Four |
| 18 U.S.C. §§ 1344 and 2 | Bank Fraud | May 13, 2020 | Five |
| 18 U.S.C. §§ 1014 and 2 | False Statement to a Financial Institution | May 13, 2020 | Six |

The defendant is sentenced as provided in this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

DEFENDANT: MAURICE FAYNE
CASE NUMBER: 1:20-CR-228-01-MHC-JKL

Judgment -- Page **2** of **9**

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. The defendant must notify the court and United States Attorney of material changes in economic circumstances.

September 14, 2021
Date of Imposition of Judgment

_/s/ Mark H. Cohen_
Signature of Judge

MARK H. COHEN, U. S. DISTRICT JUDGE
Name and Title of Judge

September 15, 2021
Date

DEFENDANT: MAURICE FAYNE
CASE NUMBER: 1:20-CR-228-01-MHC-JKL                                    Judgment -- Page **3** of **9**

Judgment in a Criminal Case
Sheet 2 -- Imprisonment

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **TWO HUNDRED TEN (210) MONTHS, AS TO EACH OF COUNTS ONE THROUGH SIX, TO BE SERVED CONCURRENTLY WITH EACH OTHER FOR A TOTAL TERM OF IMPRISONMENT OF TWO HUNDRED TEN (210) MONTHS.**

Payment of criminal monetary penalties is due during the period of imprisonment in accordance with the Bureau of Prisons Financial Responsibility Program.

The court makes the following recommendations to the Bureau of Prisons: That the Defendant be allowed to serve his custodial sentencing in a facility located as close as possible to Texarkana, Texas.

The defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: MAURICE FAYNE
CASE NUMBER: 1:20-CR-228-01-MHC-JKL

Judgment -- Page **4** of **9**

Judgment in a Criminal Case
Sheet 3 -- Supervised Release

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of FIVE (5) YEARS, which consists of five years on each of Counts One through Six, all counts to be served concurrently.

Within 72 hours of release from the custody of the bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

Any restitution payment made that is not payment in full, must be paid in monthly installments from any wages you earn in prison, during any period of incarceration, and you must pay, at a minimum, the greater of $25.00 or 50% of the deposits in your inmate trust account per quarter. Any portion of the restitution that is not paid in full at the time of your release from imprisonment shall become a condition of supervision and be paid to the Clerk, U.S. District Court, Northern District of Georgia for distribution to the victims at a monthly rate of $150.00 plus 25% of any gross monthly income in excess of $2,500.00 per month.

# MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
4. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. Restitution payments must be made to Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303.
5. You must cooperate in the collection of DNA as directed by the probation officer.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached pages.

DEFENDANT:  MAURICE FAYNE
CASE NUMBER: 1:20-CR-228-01-MHC-JKL                                                                 Judgment -- Page **5** of **9**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at:  www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature  _____    Date  _____

USPO's Signature  _____    Date  _____

DEFENDANT:  MAURICE FAYNE
CASE NUMBER:  1:20-CR-228-01-MHC-JKL                                          Judgment -- Page **6** of **9**

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision:

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.  You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

You must make full and complete disclosure of your finances and submit to an audit of your financial documents at the request of your probation officer. You must provide the probation officer with full and complete access to any requested financial information and authorize the release of any financial information.  The probation office may share the financial information with the United States Attorney's Office.  You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

You must participate in a mental health treatment program and follow the rules and regulations of that program. Such program may require that you submit to an evaluation and / or testing. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).  You must pay all or part of the costs of the program based on your ability to pay unless excused by the probation officer.

You must participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.) You must pay all or part of the costs of the program based on your ability to pay unless excused by the probation officer.

You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not obstruct, attempt to obstruct, or tamper with any testing methods. You must pay all or part of the costs of testing based on your ability to pay unless excused by the probation officer.

Judgment in a Criminal Case
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties as provided below. All criminal penalties shall be due immediately. Payments must be made to the Clerk of Court, United States District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia, 30303.

**Special Assessment**

TOTAL       $600.00

## RESTITUTION

TOTAL       $4,465,865.55

Restitution in the total amount of **$4,465,865.55** is owed in this case. This amount may be adjusted higher and modified in an amended order. Restitution should be paid to the Clerk of Court for disbursement to the named victims and amounts as listed below.

United Community Bank
125 Highway 515 East
Blairsville, Georgia 30512
Amount: $2,045,300.00

U.S. Small Business Administrative/DFC
721 19th Street, Third Floor, Room 301
Denver, Colorado 80202
Amount: $20,453.00

Restitution for the following victims is owed jointly and severally with Michael Sargent (No. 1:21-CR-219-MHC-JKL.

Jimia Cain
87101 N. Herrington Road
West Richland, WA 99353
Amount: $221,000.00

Sean Frank
6160 Warren Parkway, #100
Frisco, TX 75094
Amount: $231,862.00

Laura Wolf
7252 Mediterranean Drive
Plano, TX 75093
Amount: $163,811.19

Robert Tuscana
P.O. Box 542285
Grand Prairie, TX 75054
Amount: $52,635.00

Amanda Napier
1351 County Road 1473
Quitman, TX 75783
Amount: $150,000.00

Marla Newman
3617 Stonington Drive
Plano, TX 75093
Amount: $174,400.00

Jeanne Johnston
15113 King of Spain Court
Dallas, TX 75248
Amount: $156,350.00

Mike Rubial
607 May Road
Seagoville, TX 75159
Amount: $102,338.47

Linda Appleby
8105 Toltec Drive
North Little Rock, Arkansas 72116
Amount: $45,000.00

Alejandro Davila
10513 Wild Oak Drive
Ft. Worth, TX 76140
Amount: $22,000.00

Edie Lenaburg
3917 Huaco Lane
Waco, TX 76710
Amount: $128,900.00

Ruben Azrak
222 Maplewood Avenue
Oakhurst, New Jersey 07755-1618
Amount: $130,000

DEFENDANT: MAURICE FAYNE  
CASE NUMBER: 1:20-CR-228-01-MHC-JKL

Judgment -- Page **9** of **9**

Terrance Miller  
8755 The Espanade  
Apartment 131  
Orlando, Florida 32836  
Amount: $50,000.00

Ken Pritchett  
2202 Somerset  
Midlothian, TX 76065  
Amount: $544,565.89

Elizabeth Baun  
107 Meadow Lane  
Sewickley, PA 15143  
Amount: $100,000.00

John Baun  
101 Bradford Road  
Suite 200  
Wexford, PA 15090  
Amount: $30,000.00

Tameika Price  
11816 Indood Road, #3079  
Dallas, TX 75244  
Amount: $9,600.00

Jamar Rucker  
1805 Millside Terrace  
Dacula, GA 30019  
Amount: $59,000.00

Sherrie Odom  
1309 W. Main Street  
Waxahachie, TX 75165  
Amount: $28,650.00

# FORFEITURE

It is ordered that all of the Defendant's right, title, and interest in the property identified in the Final Order of Forfeiture dated July 20, 2021 [Doc. 207], which is hereby incorporated by reference, is forfeited.