[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-13194

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                       Plaintiff-Appellee,

*versus*

MAURICE FAYNE,
a.k.a. Arkansas Mo,

                                       Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cr-00228-MHC-JKL-1

_____

Before LUCK, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Maurice Fayne appeals from his 210-month sentence imposed after he pled guilty pursuant to a plea agreement that required the government to recommend a 151-month sentence. Fayne argues that the government breached the plea agreement at sentencing when it emphasized his criminal history and the details of his offense and failed to meaningfully argue for the sentence that it agreed to recommend.

Whether the government breached a plea agreement is a question of law that we generally review *de novo*. *United States v. Hunter*, 835 F.3d 1320, 1324 (11th Cir. 2016). But where the defendant failed to raise the issue before the district court, we apply plain error review. *United States v. De La Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008). "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). If all three factors are established, we may exercise our discretion to correct the error if it "seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018).

An error is plain if it is clearly contrary to settled law. *United States v. Shelton*, 400 F.3d 1325, 1331 (11th Cir. 2005). For an error to affect substantial rights, it must have been prejudicial, meaning

Case 1:20-cr-00228-MHC-JKL   Document 293   Filed 07/25/22   Page 3 of 8
USCA11 Case: 21-13194   Date Filed: 07/25/2022   Page: 3 of 6

21-13194               Opinion of the Court                3

that "[i]t must have affected the outcome of the district court proceedings." *De La Garza*, 516 F.3d at 1269 (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). The defendant has the burden of persuasion as to prejudice. *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005); *Shelton*, 400 F.3d at 1331–32. If it is unclear whether the government's breach of a plea agreement affected the defendant's sentence, the defendant cannot show plain error. *See De La Garza*, 516 F.3d at 1270–71.

A plea agreement is analyzed according to the defendant's reasonable understanding in executing the agreement. *United States v. Rewis*, 969 F.2d 985, 988 (11th Cir. 1992). To determine whether the government breached a plea agreement, the court must determine the scope of the government's promises. *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004). The government is bound to any material promise that induces the defendant to plead guilty. *United States v. Hunter*, 835 F.3d 1320, 1324 (11th Cir. 2016). Nevertheless, implied obligations not agreed to by the parties will not be inferred. *See United States v. Benchimol*, 471 U.S. 453, 455 (1985) ("[O]ur view of [Federal Rule of Civil Procedure] 11(e) is that it speaks in terms of what the parties in fact agree to, and does not suggest that . . . implied-in-law terms [be] read into [a plea] agreement."). There is generally no limitation about what information a district court may receive for sentencing purposes concerning the background, character, and conduct of a person convicted of a federal offense. 18 U.S.C. § 3661.

Case 1:20-cr-00228-MHC-JKL   Document 293   Filed 07/25/22   Page 4 of 8
USCA11 Case: 21-13194   Date Filed: 07/25/2022   Page: 4 of 6

4                    Opinion of the Court                    21-13194

For example, in *United States v. Levy*, we held that the government did not breach a plea agreement that required it to recommend concurrent sentences when it made "grudging and apologetic" references to the agreement, asserted that its hands were "tied," and that its sentencing recommendation was given "with a heavy heart." 374 F.3d 1023, 1030–32 (11th Cir. 2004), *vacated and remanded on other grounds*, 545 U.S. 1101 (2005) (vacating and remanding because of the intervening decision in *United States v. Booker*, 543 U.S. 220 (2005)).  We concluded that because nothing in the agreement prevented the government from providing information about Levy's offenses, it had fulfilled its obligation to recommend a particular sentence.  *Id.* at 1030.

Similarly, in *United States v. Carranza*, we held that the government did not breach its promise in the plea agreement to not recommend a sentence when it argued against defense counsel's recommendation of twenty years' imprisonment on the ground that Carranza was the "kingpin" in the criminal enterprise.  921 F.2d 1557, 1569 (11th Cir. 1991).  We found that the government's characterization of Carranza was relevant conduct for sentencing purposes, the plea agreement reserved the government's right to inform the court "of all facts relevant to the sentencing process," and the government never agreed that it would refrain from characterizing Carranza as a kingpin.  *Id.*

In contrast, in *United States v. Johnson*, we held that the government breached a plea agreement that bound it to represent that "an amount of marijuana not greater than 100 pounds should

Case 1:20-cr-00228-MHC-JKL   Document 293   Filed 07/25/22   Page 5 of 8
USCA11 Case: 21-13194   Date Filed: 07/25/2022   Page: 5 of 6

21-13194               Opinion of the Court                5

be attributed to this defendant." 132 F.3d 628, 630 (11th Cir. 1998). The Presentence Investigation Report, however, recommended that Johnson be held accountable for 1,400 pounds of marijuana. *Id.* When the district court inquired into the difference in amounts, the government explained that a co-conspirator had not been interviewed until the day after the plea agreement was made and that the co-conspirator's credible testimony "substantially and drastically" changed the amount of marijuana involved. *Id.* We determined that the government violated the plea agreement when it failed to represent that Johnson was responsible for only 100 pounds of marijuana and instead "became an enthusiastic advocate for a 'fact' at odds with the 'fact' to which [it] had stipulated." *Id.* at 631.

Here, even if the alleged error was plain, Fayne cannot show that the district court erred by not finding that the government breached the plea agreement. The government's remarks about Fayne's criminal history and the details of his offense were made pursuant to a reservation of rights in the plea agreement, and the plea agreement did not preclude the government from arguing against Fayne's request for a 120-month sentence. Regardless of whether the government grudgingly honored its recommendation after learning about Fayne's criminal history, it nevertheless fulfilled its obligations under the plea agreement when it opened and closed its sentencing argument by reiterating that it stood by its recommendation.

Case 1:20-cr-00228-MHC-JKL   Document 293   Filed 07/25/22   Page 6 of 8
USCA11 Case: 21-13194   Date Filed: 07/25/2022   Page: 6 of 6

6                      Opinion of the Court                21-13194

Further, assuming *arguendo* that Fayne could establish error, he cannot meet his burden of showing that it affected his substantial rights. Based on the district court's statements at sentencing, it is unclear, at best, whether the government's alleged breach of the plea agreement affected Fayne's sentence and, thus, he cannot show that any error prejudiced him.

Accordingly, we affirm.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 25, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-13194-JJ
Case Style: USA v. Maurice Fayne
District Court Docket No: 1:20-cr-00228-MHC-JKL-1

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call <u>Tiffany A. Tucker, JJ</u> at <u>(404)335-6193</u>.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion